IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA MIAMI DIVISION

| | |
|---|---|
| DONALD J. TRUMP, the Forty-Fifth President of the United States, LINDA CUADROS AND AMERICAN CONSERVATIVE UNION, INDIVIDUALLY AND ON BEHALF OF THE CLASS,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., and JACK DORSEY,<br>Defendants. | 1:21-cv-22441<br><br> |

## MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE BY CHRIS SEVIER OF DE FACTO ATTORNEYS GENERAL, JOHN GUNTER JR OF SPECIAL FORCES OF LIBERTY, AND PASTOR RICH PENKOSKI OF WARRIORS OF CHRIST ON THE ISSUE OF STANDING IN PARTIAL SUPPORT AND IN PARTIAL OPPOSITION OF THE PLAINTIFFS

www.specialforcesofliberty.com

### Understanding The Stop Social Media Censorship Act:
https://youtu.be/CCcOALXNteM

Chris Sevier Esq., executive director of De Facto Attorneys General, John Gunter Jr., executive director of Special Forces Of Liberty Miami Division, and Pastor Rich Penkoski, executive director of Warriors For Christ respectfully submit this amicus brief on the narrow issue of standing, given how the original complaint is pled.[1] The *Amici* will be filing their own separate lawsuit in the Southern District on the same topic against the United States Attorney

---

[1] No counsel for a party authored this brief in whole or in part, and no party or counsel for a party contributed money intended to fund the preparation or submission of this brief. No person other than amici, its members, or its counsel contributed money intended to fund the preparation of submission of this brief.

General, accordingly, the submission of this *amicus* brief is ripe under the totality of the circumstances. In support of their motion, *Amici* state as follows:

### A. INTEREST OF AMICI

The evidence shows that lawyers know just enough to be dangerous on any topic unless they have litigated the issue. (See the staff lawyers who work for Governor Desantis, who wrote SB7072 the bill which created §106.072, § 287.137, and § 501.2041). The *Amici* have litigated Section 230 issues and social media censorship before a host of Federal Courts, but most importantly, they have litigated the matter before countless legislative committees in the face of robust opposition.

(1) See the video of the hearing on the Social Media Censorship Act before the public laws committee in Missouri, which included arguments from De Facto Attorneys General, Google, and the Heartland Institute: (https://www.youtube.com/watch?v=e4QUKoTHKZs)

(2) See the video of the hearing before the Commerce Committee in the Louisana Senate with testimony by Senator Morris, De Facto Attorneys General, Netchoice, and (https://www.youtube.com/watch?v=c-NqZhBqkBs&t=8s)

(3) See the video of the hearing before the Judiciary Committee in the State of Maine with testimony by Rep. Sampson and De Facto Attorneys General.

(https://www.youtube.com/watch?v=jjZ_Ljnx-dE)

It is in the wake of fighting in legislative committees against their adversaries that the *Amici* have been able to perfect the language of a proposed legislative instrument for all 50 states entitled the Stop Social Media Censorship Act, a bill parallels the spirit of Section 230 and draws from it in a manner so that the statute will fall squarely in the state-law exemption under subsection (e) subparagraph (3) of Section 230. (See Appendix A).[2] The Stop Social Media

---

[2] **1. Alabama** - Drafted as follows for the 2022 legislative session:

https://www.dropbox.com/s/mh0kpmi8s9bkisp/2022%20ALABAMA%20STOP%20SOCIAL%20MEDIA%20CENSORSHIP%20AMENDED%20FINAL.pdf?dl=0

**2. Alaska.** Drafted by Senator Showers (R) for introduction at the 2022 legislative session:
https://www.dropbox.com/s/ci7c8x9r10jb55z/2022%20Alaska%20Stop%20Social%20Media%20Censorship%20Act%20AMENDED%20FINAL.pdf?dl=0

**3. Arizona. SB1428 sponsored by Sen. Townsend (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/AZ/text/SB1428/2021

-Amended for 2022 legislative session to be introduced by Sen. Townsend:
https://www.dropbox.com/s/7i0iakb3z4to1eg/2022%20Arizona%20Stop%20Social%20Media%20Censorship%20final.pdf?dl=0

**4. Arkansas.** Drafted by Chairman Sen. Clark (R) to be introduced at the 2023 legislative session:
https://www.dropbox.com/s/o98fkpfblyzgkmy/2023%20Arkansas%20Stop%20Social%20Media%20Censorship%20Act%20AMENDED%20%281%29.pdf?dl=0

**5. California.** In review by Sen. Grove to be introduced at the 2022 legislative session as follows:
https://www.dropbox.com/s/b7n96qegfhkgsw3/2022%20California%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

**6. Colorado.** To be introduced by Rep. Williams at the 2022 legislative session as follows:
https://www.dropbox.com/s/tcc7uxddoqwgs6f/2022%20Colorado%20Stop%20Social%20Media%20Censorship%20Act%20Final.pdf?dl=0

**7. Connecticut.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/db4xv70hcu5j4jp/2022%20Connecticut%20Stop%20Social%20Media%20Censorship%20Act%20FINAL%20AMENDED.pdf?dl=0

**8. Delaware.** To be introduced by Sen. Richardson (R) at the 2022 legislative session:
https://www.dropbox.com/s/0x3ayrs6964xy9n/2022%20Delaware%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

**9. Florida. HB 33 sponsored by Rep. Sabatini (R)** - provided by De Facto Attorneys General - at the 2021 legislative session :
https://legiscan.com/FL/bill/H0033/2021

To be introduced at the 2022 legislative session as follows:
https://www.dropbox.com/s/b65ugwxs2nfj48t/2022%20Florida%20Stop%20Social%20Media%20Censorship%20Act%20AMENDED.pdf?dl=0

**10. Georgia.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/391sacz7gg3oekj/2022%20New%20Georgia%20Stop%20Social%20Media%20Censorship%20Act%20FINAL%20%281%29.pdf?dl=0

**11. Hawaii. SB357 sponsored by Sen. Gabbard (D)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/HI/text/SB357/2021

To be introduced at the 2022 legislative session by Sen. Gabbard as follows:
https://www.dropbox.com/s/4drp0d1wrkp4gah/2022%20Hawaii%20Stop%20Social%20Media%20Censorship%20Act%20%281%29.pdf?dl=0

**12. Idaho. H0323 sponsored by Rep. Nichols (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/ID/text/H0323/2021
To be introduced at the 2022 legislative session by Rep. Nichols as follows:
https://www.dropbox.com/s/5m97v1mpdrs36cg/2022%20Idaho%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

**13. Illinois.** Drafted as follows for the 2022 legislative session:
https://www.dropbox.com/s/tun4sxpl4r4h2ka/2022%20Illinois%20Stop%20Social%20Media%20Censorship.pdf?dl=0

**14. Indiana:** To be introduced at the 2022 legislative session by Rep. Jacobs as follows:
https://www.dropbox.com/s/laea6ssvk03j5lj/2022%20Indiana%20Stop%20Social%20Media%20Censorship%20Act%20.pdf?dl=0

**15. Iowa. HF171 sponsored by Rep. Salmon** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/IA/text/HF171/2021
To be introduced at the 2022 legislative session by Rep. Salmon as follows:
https://www.dropbox.com/s/66e8he2cd0zxsj4/2022%20Iowa%20Stop%20Social%20Media%20Censorship%20Act%20AMENDED.pdf?dl=0

**16. Kansas. HB2322 sponsored by Rep. Gaber (R)** - provided by De Facto Attorneys General. To be introduced by Rep. Garber at the 2022 legislative session as follows:
https://www.dropbox.com/s/6dxnzcfpzlr67qd/2022%20Kansas%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

**17. Kentucky. SB 111 sponsored by Sen. Mills (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/KY/text/SB111/2021
To be introduced at the 2022 legislative session by Sen. Mills as follows:
https://www.dropbox.com/s/tlr4kcqakr1elyc/2022%20Kentucky%20Stop%20Social%20Media%20Censorship%20Act%20%281%29.pdf?dl=0

**18. Louisiana. SB196 sponsored by Sen. Morris (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
**https://legiscan.com/LA/text/SB196/2021**
To be introduced at the 2022 legislative session by Sen. Morris as follows:
https://www.dropbox.com/s/o0qiu7nout6np6h/Louisiana-2021-SB196-Engrossed%20%283%29.pdf?dl=0

**19. Maine. LD1609 sponsored by Rep. Sampson (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/ME/text/LD1609/2021

To be introduced at the 2022 legislative session by Rep. Sampson as follows:
https://www.dropbox.com/s/xji2kpbtktkkrsf/2022%20Maine%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

20. **Maryland. HB1314 sponsored by Del. Adams (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/MD/text/HB1314/2021
To be introduced at the 2022 legislative session by Del. Adams as follows:
https://www.dropbox.com/s/nshl9js3df3vyn5/2022%20Maryland%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

21. **Massachusetts.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/yy2ubrqeo5eft6k/2022%20Massachusetts%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

22. **Michigan.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/n3lqn0uw23re37z/2022%20Michigan%20Stop%20Social%20Media%20Censorship%20Act%20Final%20amendment.pdf?dl=0

23. **Minnesota.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/7zrv9qy8jzv48gi/2022%20Minnesota%20Stop%20Social%20Media%20Censorship%20Act%20Amended%20final.pdf?dl=0

24. **Mississippi: SB 2617 sponsored by Sen. Hill (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/MS/text/SB2617/2021
To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/wyjq7ean5b37ogw/Mississippi%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

25. **Missouri. HB 482 sponsored by Rep. Coldman (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/MO/bill/HB482/2021
To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/2hj5e2vlyro8m39/2022%20Missouri%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

26. **Montana.** To be introduced as follows at the 2023 legislative session:
https://www.dropbox.com/s/qtwz360f2dik04u/2023%20MONTANA%20STOP%20SOCIAL%20MEDIA%20CENSORSHIP%20ACT%20AMENDED%20FINAL.pdf?dl=0

27. **Nebraska. LB621 sponsored by Sen. Curt Friesen (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/NE/text/LB621/2021
To be introduced as follows at the 2023 legislative session:
https://www.dropbox.com/s/4s6wsko5dw9suj4/2022%20Nebraska%20%20Stop%20Social%20Media%20Censorship%20Act%20FINAL.pdf?dl=0

28. **Nevada:** To be introduced as follows at the 2023 legislative session:

29. **New Hampshire. HB133 sponsored by Rep. Plett (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/NH/text/HB133/2021
To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/bi1whnhjf4cfxui/2022%20New%20Hampshire%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

30. **New Jersey. A578 sponsored by Asm. Auth** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/NJ/text/A578/2020
To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/pkt2wqtqx8mwpjb/New%20Jersey%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

31. **New Mexico.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/3rjkno4547telvr/2022%20New%20Mexico%20Stop%20Social%20Media%20Censorship%20Act%20AMENDED.pdf?dl=0

32. **New York.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/fretoaagwy7108z/2022%20New%20York%20Stop%20Social%20Media%20Censorship%20Act%20FINAL%20AMENDED%20.pdf?dl=0

33. **North Carolina. S497 sponsored by Sen. Alexander** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/NC/text/S497/2021

34. **North Dakota. HB1144 sponsored by Rep. Kading.** - provided by Professor Hamburger- at the 2021 legislative session:
https://legiscan.com/ND/text/1144/2021
To be introduced as follows at the 2022 legislative session by Rep. Jones:
https://www.dropbox.com/s/iwf5b1eyvj82wsi/2022%20North%20Dakota%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

35. **Ohio.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/yziri2z6g80eer4/2022%20New%20Ohio%20Stop%20Social%20Media%20Censorship%20Act%20Final.pdf?dl=0

36. **Oklahoma. SB383 sponsored by Sen. Standridge** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/OK/text/SB383/2021
To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/l50i8fe4z7qwuxb/2022%20Oklahoma%20Stop%20Social%20Media%20Censorship%20Act%20FINAL%20AMENDED.pdf?dl=0

37. **Oregon.** To be introduced as follows at the 2022 legislative session by Rep. Leif:
https://www.dropbox.com/s/4k0sm4j5o0iub68/2022%20Oregon%20Stop%20Social%20Media%20Censorship%20Act%20FINAL%20AMENDED.pdf?dl=0

38. **Pennsylvania. SB604 sponsored by Sen. Mastriano** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/PA/text/SB604/2021

39. **Rhode Island. H5564 sponsored by Vella-Wilkinson (D)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://www.dropbox.com/s/hnk11ybifb0bqk8/2022%20Rhode%20Island%20Stop%20Social%20Media%20Censorship.pdf?dl=0

40. **South Carolina. H3450 sponsored by Rep. Burns (R)** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/SC/text/H3450/2021
To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/73d6fwl1hwr204t/2022%20South%20Carolina%20Stop%20Social%20Media%20Censorship%20Act%20Consolidated%20%282%29.pdf?dl=0

41. **South Dakota. HB1223 sponsored by Rep. Jensen** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/SD/bill/HB1223/2021
To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/7bnc8jvt50hhzbu/2022%20South%20Dakota%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

42. **Tennessee.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/y1r1biujf5awlep/2022%20Tennessee%20Stop%20Social%20Media%20Censorship%20bill%200859%20amended%20FINAL%20.pdf?dl=0

43. **Texas. SB12 sponsored by Sen. Hughes** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://www.dropbox.com/s/upeh2w5u5pn6zfc/2022%20Texas%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

44. **Utah. SB228 sponsored by Sen. McKell** - provided by De Facto Attorneys General - at the 2021 legislative session:
https://legiscan.com/UT/text/SB0228/2021
To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/6zv60b2iqd5xpun/2022%20Utah%20Stop%20Social%20Media%20Censorship%20Act%20AMENDED%20FINAL.pdf?dl=0

45. **Vermont.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/kyx6ok5u8o1fhwu/2021%20Vermont%20Stop%20Social%20Media%20Censorship%20Act%20FINAL%20.pdf?dl=0

46. **Virginia.** To be introduced as follows at the 2022 legislative session by Delegate Byron:
https://www.dropbox.com/s/fmbibg9oe9r6st3/2022%20Virginia%20Stop%20Social%20Media%20Censorship%20Act%20%281%29.pdf?dl=0

47. **Washington.** To be introduced as follows at the 2022 legislative session:

Censorship Act is not preempted by Federal law and a cause of action brought under it, once enacted, will cut through an immunity defense floated by social media websites that break their promises, deceive consumers, and act in bad faith. At the 2021 legislative session Rep. Sabatini introduced the measure as HB 33, which is referred to as the Stop Social Media Censorship Act, at the request of the *Amici*.[3]

---

https://www.dropbox.com/s/x3tig83nsjdhr0p/2022%20Washington%20Stop%20Social%20Media%20Censorship%20Act%20FINAL.pdf?dl=0

**48. West Virginia.** To be introduced as follows at the 2022 legislative session by Sen Azinger:
https://www.dropbox.com/s/6tfkmxloznw5igj/West%20Virginia%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

**49. Wisconsin.** To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/pt8v99suwbirje1/2022%20Wisconsin%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

**50. Wyoming. SF0100 sponsored by Sen. Steinmetz** - provided by Professor Hamburger- at the 2021 legislative session:
https://legiscan.com/WY/text/SF0100/id/2339364/Wyoming-2021-SF0100-Engrossed.pdf
To be introduced as follows at the 2022 legislative session:
https://www.dropbox.com/s/mdr58wy4wsuvh91/2022%20Wyoming%20Stop%20Social%20Media%20Censorship%20Act.pdf?dl=0

[3] The *Amici* consists primarily of Christ-followers, who served in the United States Military in foreign theaters of war, namely on the rule of law mission, which is purposed to better ensure a government's compliance with their highest Constitutional authority. The *Amici* have continued that mission state-side in America even though they no longer officially operating under Title 10 jurisdiction on behalf of the Armed Forces. The *Amici* routinely file comprehensive lawsuits across the United States on different controversial and complex issues that typically concern the "culture wars" and First Amendment issues that are too "politically hot" for the government-funded Attorneys General to pursue. In bringing such lawsuits, the *Amici* - without apology - often end up converting Article III Courts into their own private legislative research commission. Out of the overflow of the litigation pursued by the *Amici*, the *Amici* subsequently draft legislation for all 50 states and for the federal government, which is then routinely introduced by a bi-partisan network of sponsors that stretches across the Country before the Article I branch. The legislation authored by the *Amici* that gets presented to the members of legislative branch is legally vetted ad nauseum and is calculated to survive judicial review, if subsequently challenged once enacted.

One of the fights that the *Amici* have undertaken in multitudes of Federal District Courts concerns Big Tech censorship, since this fight has created a freedom crisis that is eroding the quality of life for millions of Americans. Subsequently, the *Amici* authored a proposed bill called the "Stop Social Media Censorship Act" that is customized for all 50 states and is narrowly tailored to parallel the spirit of Section 230 of the CDA so that it falls squarely in the

## B. ARGUMENT

The Court has broad discretion to permit a non-party to participate in an action as amicus curiae. See, e.g., *Fla. by & through McCollum v. United States Dep't of Health & Hum. Servs.*, No. 3:10-CV-91-RV/EMT, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010) ("district courts have broad discretion and the inherent authority to allow amici to participate in appropriate cases") (allowing amici to file briefs at the summary judgment stage). Indeed, "[d]istrict courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (citation omitted)). No special qualifications are required; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court. *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991).

In the wake of the recent decision in *Netchoice, LLC et al., v. Moody et. al.* 4:21cv220-RH-MAF (N.D.F.L 2021) (page 27 of DE 113), the *Amici* will provide unique perspectives providing the two options that this Court has, the options that the Defendants have,

---

state-law exemption under subsection (e) subparagraph (3) of the Section 230 - thereby getting around the problem of preemption. Here is a website for the bill:

https://www.specialforcesofliberty.com/. Here is a short videos that the *Amici* provide to state legislatures who prime sponsor, co-sponsor, or support the bill so that they can easily understand the bill and the issues involved: (https://youtu.be/CCcOALXNteM).

Over 25 states moved on two primary bills written to stop the on-going problem of social media censorship that were drafted by either De Facto Attorneys General or Professor Hamburger of Columbia Lawschool. Countless Republicans and Democrats prime sponsored, co-sponsored, or supported these legislative measures. For a breakdown by state and by prime sponsor for the 2021 legislative session and the 2022 legislative session of the proposed language of the bills see Appendix A.

and the options the Plaintiffs have.[4] The public's interest is at stake here, which favors granting leave. *See Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). ("Courts have found the participation of an amicus especially proper . . . where an issue of general public interest is at stake.") (citation omitted). This is because the primary role of an *amicus* is "to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs of the Cty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999), *aff'd*, 1 F. App'x 38 (2d Cir. 2001). In *Liberty Resources*, a case brought by a disability rights advocacy group against a public housing authority, the court granted *amicus* curiae status to another advocacy group that represented residents of public

---

[4] President Trump likes to win. So do the *Amici*. If Plaintiffs want to prevail in this legal fight, not just making a political statement, they should take the following steps:
    (1) seek leave to temporarily hold these proceedings in abeyance or delay serving process on the Defendants pursuant to FRCP 4;
    (2) President Trump should use his personal connections to press Governor Desantis to immediately hold a special session pursuant to Article III, Section 3, of the Florida Constitution, to pass the amended version of HB33, the "Stop Social Media Censorship Act" (a narrowly tailored state bi-partisan statute that (a) parallels the spirit of Section 230 and was intentionally created to fall in the state-law exemption under subjection (e) subparagraph (3) of Section 230, that (b) over 25 states introduced this past session, and that (c) does not suffer from the same overt problems presented by Senate Bill 7072);
    (3) after the Stop Social Media Censorship Act is enacted, the Plaintiffs should then reopen this case, amend their original complaint pursuant to FRCP 15 et. seq, as a matter of course, to include a cause of action under the Stop Social Media Censorship Act, which will not be preempted under the doctrine of preemption and will cut through any Section 230 immunity defense - thereby having the potential to solve this ongoing bi-partisan problem for the whole of the Nation;
    (4) the Plaintiffs should also amend their original complaint to include a cause of action for false advertising under the Lanham Act, 15 U.S.C. §§ 1051 et seq, which is not preemption by section 230 and which will confer Federal Question jurisdiction on this Honorable Court;
    (5) If Governor DeSantis refuses to call a special session under Article III, Section 3, to enact the Stop Social Media Censorship Act for whatever reason, the Plaintiffs should amend their complaint and include a cause of action under § 501.2041(6) which may still be alive and found to fall in the state-law exemption under 47 U.S.C. § 230(e)(3);
    (6) The Plaintiffs should amend their complaint and file a cause of action under Florida's existing deceptive trade practice law, which the Court might also fall in the state-law exemption under section 230.

housing because the group's participation "will serve to keep the Court apprised of the interests of non-disabled Section 8 voucher recipients who may be affected by this case." 395 F. Supp. 2d at 210. Similarly, *Amici* here will represent their own interests as censored consumers, whose work with the state legislatures in 37 states will be greatly impacted by the outcome of this case. Accordingly, this Court should allow *Amici* to appear as amici curiae and present argument in partial support and in partial opposition to the initial cause of action presented by the Plaintiffs.

### C. CONCLUSION

For these reasons, *Amici* respectfully request that this Court enter an order granting *Amici* leave to file the brief attached hereto as Exhibit A in support of Plaintiffs.

### LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH

The undersigned contacted all parties via telephone or email in a good faith effort to resolve the issues raised in the motion. Undersigned contacted Twitter's in-house counsel who did not take a position one way or another. The Amici repeatedly called and emailed Plaintiffs' counsel, who did not respond. The *Amici* are filing a separate lawsuit against the Attorney General on July 19, 2021 to finish what the ACLU started in *Reno American Civil Liberties Union*, 521 U.S. 844 (1997). If the Florida Courts prove to be untrustworthy, the *Amici* are prepared to expand the conflict to other circuits for good cause.

/s/Christopher Sevier Esq./
DE FACTO ATTORNEYS GENERAL
Mailing: 118 16th Ave S #247 - Music Row
Nashville, TN 37203
(615) 500-4411
BCN: 026577
909 Santa RosaBlvd,
Fort Walton Beach, FL 32548
ghostwarsmusic@gmail.com
www.specialforcesoflibety.com
www.chrissevier.com
www.stopsocialmediacensorship.com

1LT 27A JAG
Bravo Two Zero

/s/Greg' Degeyter Esq./
DE FACTO ATTORNEYS GENERAL
BCN: 24062695
degeyterlaw@gmail.com
9898 Bissonnet St Ste 626
Houston , Texas 77036
(713) 505-0524
Attorney On Behalf Of Special Forces Of Liberty &
Warriors For Christ

## CERTIFICATE OF SERVICE

A true copy of the foregoing was emailed and/or mailed to the following address on July 15, 2021 for the Attorneys of record: Frank C. Dudenhefer , Jr. The Dudenhefer Law Firm, LLC 2721 St. Charles Ave, Suite 2A New Orleans, LA 70130 (504) 616-5226 Email: FcdLaw@aol.com; John P. Coale 2901 Fessenden St. NW Washington, DC 20008 (202) 255-2096 Email: johnpcoale@aol.com; John Q. Kelly Ivey, Barnum & O'Mara 170 Mason Street Greenwich, CT 06830 (203) 661-6000 Email: jqkelly@ibolaw.com; Michael J. Jones Ivey, Barnum & O'Mara 170 Mason Street Greenwich, CT 06830 (203) 661-6000; Roland A. Paul Ivey Barnum & O'Mara 170 Mason Street Greenwich, CT 06830 (203) 661-6000; Ryan Tougias Ivey, Barnum & O'Mara 170 Mason Street Greenwich, CT 06830 203-661-6000; Sean M. Hamill Ivey, Barnum & O'Mara 170 Mason Street Greenwich, CT 06830 (203) 661-6000; Matthew Lee Baldwin Vargas Gonzalez Hevia Baldwin, LLP 815 Ponce de Leon Blvd. Third Floor Coral Gables, FL 33134 (305) 631-2528 Fax: (305) 631-2741 Email: MBaldwin@VargasGonzalez.com; support@twitter.com, legal@twitter.com, Jack Dorsey CEO 1355 Market Street Suite 900. San Francisco, CA 94103 jack@twitter.com.

/s/Christopher Sevier Esq./