United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Donald Trump, Linda Cuadros, and American Conservative Union, Plaintiffs, <br><br> v. <br><br> Twitter, Inc. and Jack Dorsey, Defendants. | Civil Action No. 21-22441-Civ-Scola |

### Order Denying Motion for Leave to File Amicus Brief

This matter came before the Court upon Chris Servier, John Gunter Jr., and Pastor Rich Penkoski's (the "amici") motion for leave to file brief as amici curiae. (ECF No. 16). For the reasons stated below, the motion is **denied. (ECF. No. 16.)**

In this action, the Plaintiffs Donald J. Trump, Linda Cuadros, and American Conservative Union (collectively, "Plaintiffs") allege violations of the First Amendment against Defendants Twitter, Inc., and its owner, Jack Dorsey. (ECF No. 1.) The Plaintiffs also seek a declaration that 47 U.S.C. § 230 ("Section 230") is unconstitutional.

The amici have filed a motion for leave to file an amicus brief to aid the Court in deciding the issues raised in this action. The proposed brief, filed on the public docket, purports to support the Plaintiffs' claims that social media platforms, like Twitter, are abusing Section 230 to curtail the public's ability to exercise its rights under the First Amendment. (ECF No. 17 at 6.) The amici contend that the Court has two options in deciding this case: "the Court must rule that Florida needs to pass a better law, like …the Stop Social Media Censorship Act that will allow consumers like the Plaintiffs to obtain relief when they are the victim of deceptive trade practices, fraudulent inducement, breach of contract, unjust enrichment, [and] false advertising…" (*Id.* at 8.) Alternatively, the amici argue, the Court must find Section 230 unconstitutional. (*Id.*)

District courts have inherent power to appoint amicus curiae to assist it in a proceeding. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991). "As a corollary to such power, district courts also have the inherent authority to deny leave to file an amicus curiae brief." *United States v. UBS AG*, No. 09-20423-CIV, 2009 WL 10669118, at *1 (S.D. Fla. May 19, 2009) (Gold, J.); *see also Dibbs v. Hillsborough Cty., Fla.*, No. 8:12-CV-

2851-T-36TGW, 2014 WL 12839780, at *1 (M.D. Fla. Dec. 4, 2014) (Honeywell, J.) ("Thus, [t]he decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court.") (quotations omitted). Generally, the circumstances under which an amicus brief is considered desirable are limited to: (1) when the named parties are not represented by counsel, (2) when the amici have an interest in some other case that may be affected by the disposition of the subject litigation, and (3) when the amicus brief has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. *Dibbs*, 2014 WL 12839780, at *1 (citing *Citizens Against Casino Gambling in Erie County v. Kempthorne,* 471 F.Supp.2d 295 (W.D.N.Y. 2007)). Further, district courts have looked to Fed. R. App. P. 29 for guidance in determining whether to grant leave to file amicus briefs. *Id.* The rule provides that leave should be granted only if the court is satisfied as to the movant's interest and the reasons why an amicus brief would be desirable and relevant to the disposition of the case. Fed. R. App. P. 29(b). With these principles in mind, the Court **denies** the motion.

Here, the Plaintiffs are represented by counsel. It is unclear whether the Defendants have been served, although, the Court presumes that when they are served the Defendants will be represented by counsel.

More importantly, the proposed amicus brief does little to help the Court determine issues raised in this action. For example, although the motion represents that the amici will aid the Court in determining whether the Plaintiffs' have standing to bring this action (ECF No. 16 at 1), the proposed amicus brief is silent as to that point. Further, the proposed amicus brief is silent as to the constitutionality of Section 230, going as far as calling it "generally good law." (ECF No. 17 at 6.) The brief is exclusively dedicated to advocating for the passage of the Stop Social Media Censorship Act, a proposed bill in Florida. Notably, the Plaintiffs in this action have not alleged any facts related to that bill.

Lastly, the amici argue that disposition of this action may affect a forthcoming action against the Attorney General of the United States. While the motion does not identify that case, it appears that the amici refer to *Sevier et al. v. Garland et al.,* 21-22577-Civ, pending before Judge Darrin P. Gayles, which the amici filed in this district on July 20, 2021. Even though that case questions the constitutionality of Section 230, the proposed amicus brief here does not address that issue and is thus helpful to neither the Court nor the parties in this case.

For the aforementioned reasons, the amici's motion is **denied** (**ECF No. 16)** and the proposed amicus brief **(ECF No. 17)** is **stricken**.

**Done and ordered** in chambers, at Miami, Florida, on July 27, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

Copies furnished to:
Chris Sevier
118 16th Ave. S #247
Nashville, TN 37203

John Gunter
195 NW 103 St
Miami, FL 33150

Richard Penkoski
195 NW 103 St
Miami, FL 33150