3 September, 2021 09:42

1 of 4 pgs.

From: Cris Ericson
879 Church Street
Chester, Vermont 05143-9375
(802)875-4038

September 3, 2021

To: Federal Judge Robert N. Scola
United States District Court
Southern District of Florida
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, 8th floor
Miami, FL 33128

RE: DONALD TRUMP v. TWITTER INC.
Case 1:21-cv-22441-RNS

FILED BY _____ D.C.
SEP 08 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Request to Court:

Request for a Sub-Class in this Class Action lawsuit.

Statement of Facts:

While I was on the official election
ballot in Vermont, after winning a Statewide primary
election as a Progressive Party candidate,
(Progressive Party is a major political party in Vermont),
and prior to the Nov. 3, 2020 general election,
Twitter allowed me to log in, but then refused to
allow me to post tweets, thereby harming my
chances of being elected to political office by censoring me.

From what I can see on the internet, this type of
censorship of a political candidate who won a primary
election, but was censored before the Nov. 3, 2020
general election in Florida, may in fact have happened
to 2020 Republican candidate Laura Loomer in Florida.

It is hard for me to find other political candidates who were
censored before a State Primary Election or a
General Election because I am censored by social media.

Because I was censored by social media
before the Nov. 3, 2020 General Election
in Vermont, I could not reach absentee write-in voters who
flee Vermont in Autumn before the election and winter in Florida.

Jurisdiction:

If it is true and correct that
Republican 2020 candidate in Florida,
Laura Loomer, was censored by social media
prior to the Nov. 3, 2020 general election
after she won the primary election in her District
of Florida for U.S. Congress/Republican;
then,
she has the same complaint as I have of
winning a Statewide Primary Election and being
censored prior to the General Election
(even though I was on the ballot as a Vermont
Progressive Party candidate – the basic
complaint of political censorship is the same.)

We both lost to Democrats and therefore this
alleged scheme by social media to help
Democrats win, by censoring some other candidates,
may be a legal cause of action for the Court to create
a sub-class in the Case of Donald Trump v. Twitter.

Legal Argument for a Sub-Class:

Title 47 U.S.C. Section 230 forbids violations
of federal criminal laws and
Twitter appears to have allegedly violated
federal election laws:
18 U.S.C. Section 600 and
52 U.S.C. Section 30121(a)(1)(A).

Some Federal election laws
clearly include Federal, State and
local elections. Therefore, there may be
other 2020 political candidates who fall in the
category of having won any Federal, State
or local primary election or general election
in any State of the United States of America,
and who were
censored on social media before a primary
or general election, in violation of federal
election laws.

Apology to the Court and request for a variance in Rules:

I am sorry if I might be violating Federal Rules of
Civil Procedure and Local Rules by sending a letter,
so I ask for a variance in Rules because
I am not an attorney. If the Court wants to appoint
a complex litigation/multi-district litigation

2 of 4 pgs.

election law specialist attorney to represent me
and prospective sub-class members
pro-bono/(contingency fee only upon winning a
financial settlement),
that would be greatly appreciated.

3 of 4 pgs.

Just because I think I am expressing a valid complaint
does not mean I am qualified to litigate it on my own,
particularly since there may be other 2020 candidates
out there with the same complaint adding up to significant
interference in our election process in the U.S.A.
by social media censorship of some candidates
while simultaneously not censoring others.

It is time to get at the roots of
dissatisfaction people have with the
election process in the U.S.A.

Table of Authorities

Title 18 U.S.C. Section 600:
Whoever, directly or indirectly, promises any
benefit, provided for or made possible in whole or
in part by any Act of Congress,
(such as Title 47 U.S.C. Section 230)
to any person
(TWITTER is a corporate "person")
as consideration for any political activity
(such as censoring a political candidate) in
opposition to any candidate
or any political party
in connection with any primary
or general election
to any political office
shall be fined under this title...

Title 52 U.S.C. Section 30121 (a) Prohibition.
It shall be unlawful for (1) a foreign national,
(Twitter allegedly earns money from foreign nationals
and allegedly does not segregate the funds)
directly or indirectly, to make (A) a contribution
or other thing of value (censoring candidates
competing for elected political office is of
value to the opposing candidates who are not
censored) in connection with a
Federal, State, or local election; ...

Title 47 U.S.C. Section 230 prohibits violations
of any federal criminal law.

Subclasses
**https://www.law.cornell.edu/rules/frcp/rule_23**
Rule 23. Class Actions (c)(5) Subclasses.
When appropriate, a class may be divided
into subclasses that are each
treated as a class under this rule.

4 of 4 pgs.

Summary:

If the Court would allow a subclass of
candidates who were on the primary
or general election ballots in their States,
but who were censored by social media,
then that would help bring public
attention to the problem of social media
having allegedly way too much control
over the outcomes of our elections in the U.S.A.,
destroying democracy.

Cris Ericson (802)875-4038

*Cris Ericson*
Sept. 3, 2021

CRIS ERICSON
879 Church St
Chester, VT 05143-9375

Federal Judge Robert N. Scola
U.S.D.C., Southern Dist. of Florida
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, 8th floor
Miami, FL 33128

**USMS INSPECTED**     **RECEIVED**     SEP 08 2021 2:39 PM

