**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:21-cv-22441-SCOLA/GOODMAN**

_____

DONALD J. TRUMP, et al.,

                    Plaintiffs,

v.

TWITTER, INC., and JACK DORSEY,

                    Defendants.

_____

**DEFENDANT TWITTER, INC.'S CONSENT MOTION**
**TO EXTEND THE DEADLINE FOR TWITTER'S RESPONSE TO**
**PLAINTIFF DONALD TRUMP'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant Twitter, Inc. respectfully requests that this Court extend the deadline for Twitter to respond to Plaintiff Donald Trump's motion for a preliminary injunction (Dkt. 62) either (a) until 30 days after a ruling is made on Twitter's pending motion under 28 U.S.C. § 1404(a) to transfer this case to the Northern District of California (Dkt. 41) in the event that motion is denied; or (b) on a schedule to be set by the Northern District of California if the motion is granted.  Twitter further requests a 30-page limit for its response.  Plaintiff consents to the relief sought by this motion.

## BACKGROUND

On July 7, 2021, a group of individuals, including Mr. Trump, filed this putative class action.[1]  Dkt. 1.  Among the relief sought in that action is an injunction that would command Twitter to reinstate Mr. Trump's personal Twitter account.  On July 27, 2021, Plaintiffs filed an Amended Complaint that added several plaintiffs and two claims.  Dkt. 21.

On August 13, 2021, Mr. Trump moved for leave to file a brief that exceeded the twenty-page limit set by Local Rule 7.1(c) in support of an anticipated motion for preliminary injunction.  Dkt. 30.  The Court denied the motion for extra pages without prejudice because: (1) it failed to specify how many additional pages Mr. Trump requested; and (2) it lacked a certificate of conferral as required by Local Rule 7.1(a)(3).  Dkt. 31.  Mr. Trump has not renewed the motion for extra pages.

Immediately after Plaintiffs first attempted service, on September 1, 2021, Twitter filed a motion to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a), based on the forum selection clause in the User Agreement that Plaintiffs agreed to as a condition of using Twitter's platform.  Dkt. 41.  Pursuant to the Court's briefing schedule, Plaintiffs filed a response in opposition to the transfer motion on September 22, 2021.  Dkt. 58. Twitter's reply on that motion is due October 7, 2021.  Dkt. 50.

On October 1, 2021, nearly nine months after Mr. Trump's personal Twitter account was permanently suspended, nearly three months after he and his co-plaintiffs filed this suit, and

---

[1] In addition to naming Twitter as a defendant, the suit also purports to name Twitter's CEO, Jack Dorsey, as a defendant, despite the fact that this Court lacks personal jurisdiction over Mr. Dorsey.  This motion is brought by Twitter, Inc. alone, and not by Mr. Dorsey, including because Mr. Trump has moved for an injunction against only Twitter.

nearly two months after he sought (and was denied) leave to file an overlength motion for preliminary injunction, Mr. Trump filed a 29-page motion for preliminary injunction.  Dkt. 62.

## MEMORANDUM OF LAW

Twitter respectfully requests that this Court extend the deadline for Twitter to respond to Plaintiff's motion for preliminary injunction until 30 days after the Court determines which court will ultimately preside over this case in the event that Twitter's transfer motion is denied, or on a schedule to be set by the Northern District of California if the motion is granted.  This approach is in line with the Court's "broad discretion over the management of pre-trial activities, including discovery and scheduling," *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001).  It would also avoid duplicative filings without prejudicing Plaintiffs.

Deferring briefing is the most efficient path forward.  *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))).  It will allow the court that ultimately handles the case to determine the appropriate schedule for both motions addressing the merits and the case more broadly.  In contrast, if the parties brief the motion for preliminary injunction only to have the case transferred, they may need to file additional briefs under a different set of procedural rules and circuit precedent.  Deferred briefing will thus prevent unnecessarily duplicative work for the courts and the parties.

Deferred briefing will not prejudice Mr. Trump, who consents to the limited relief that the present motion seeks.

Finally, Twitter notes that Mr. Trump filed a brief in support of his motion for preliminary injunction that significantly exceeds the Court's twenty-page limit.  Twitter does not object to the Court granting Plaintiff leave to file excess pages *nunc pro tunc*, but if the Court does so, Twitter requests that it be given a similar page extension for its response to Mr. Trump's motion for preliminary injunction, as well as sufficient time to prepare a response to this overlength filing.  Accordingly, Twitter requests a 30-page limit for its response.

## CONCLUSION

For the foregoing reasons, the Court should extend Twitter's deadline to respond to the motion for preliminary injunction either (a) until 30 days after a ruling is made on Twitter's pending motion under 28 U.S.C. § 1404(a) to transfer this case to the Northern District of California (Dkt. 41) in the event that motion is denied; or (b) on a schedule to be set by the Northern District of California if the motion is granted.  The Court should also allow Twitter to file a responsive brief no more than 30 pages in length.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned hereby certifies that counsel for the movant has conferred with counsel for Plaintiff, who consents to the relief sought by this motion.

Date: October 6, 2021

Respectfully submitted,

Patrick J. Carome (*pro hac vice*)
Ari Holtzblatt (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel.: (202) 663-6800
Fax: (202) 663-6363
patrick.carome@wilmerhale.com

*/s/Peter W. Homer*
Peter W. Homer (FL Bar No. 291250)
HOMER BONNER
1200 Four Seasons Tower
1441 Brickell Ave.
Miami, FL 33131
Tel.: (305) 350-5139
Fax: (305) 982-0063
phomer@homerbonner.com

Felicia H. Ellsworth (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

***Attorneys for Defendant Twitter, Inc.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.   Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Peter W. Homer*
Peter W. Homer