IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| DONALD J. TRUMP, the Forty-Fifth President of the United States, LINDA CUADROS, AMERICAN CONSERVATIVE UNION, RAFAEL BARBOZA, DOMINICK LATELLA, WAYNE ALLEN ROOT AND NAOMI WOLF, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>        Plaintiffs,<br><br>        v.<br><br>TWITTER, INC. and JACK DORSEY,<br><br>        Defendants. | Civil Action No. 1:21-cv-22441-RNS |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER [D.E. 41]**

Due to exceptional circumstances, and for the good cause shown herein, Plaintiffs hereby respectfully move pursuant to Local Rule 7.1(c) for leave to file a sur-reply in further opposition to Defendants' motion to transfer this case to the Northern District of California [D.E. 41].

**Factual Statement**

This action was brought by Plaintiff Donald J. Trump and other victims of Twitter's arbitrary and politically motivated censorship, alleging that this censorship violates both the First

1

Amendment and Florida law.

On September 1, 2021, Defendants moved to transfer this case to the Northern District of California [D.E. 41]. On September 22, 2021, Plaintiffs submitted a memorandum of law opposing such transfer ("Opposition Memorandum"). On October 6, 2021, *Trump v. YouTube*, No. 1:21-cv-22445-KMM (S.D. Fla. Oct. 6, 2021) was decided, granting defendants' motion to transfer in a case brought by President Trump and other plaintiffs challenging censorship by YouTube.

On October 7, 2021, Defendants filed a reply memorandum ("Reply") in further support of their transfer motion. In their Reply, Defendants repeatedly cite, extensively rely on, and ask the Court to follow *Trump v. YouTube*, which Defendants describe as a "nearly identical" case. Plaintiffs had no opportunity to cite, address, or respond to *Trump v. YouTube* in their Opposition Memorandum for the simple reason that the decision had not yet been handed down.

Accordingly, Plaintiffs hereby respectfully request permission to file a sur-reply.

## **Memorandum of Law**

While a District Court's "decision to permit the filing of a sur-reply is purely discretionary," a sur-reply "should generally" be "allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)); *Mile High Healthcare Analytics, LLC v. Medical Care Consortium Inc.*, No. 18-CV-22374, 2020 U.S. Dist. LEXIS 135426 at * 29 n.8 (S.D. Fla. July 29, 2020) (granting leave to file sur-reply where a "valid reason" existed).

Here, a "valid reason" for "additional briefing" plainly exists because Defendants have in their Reply raised, cited, extensively relied on, made numerous arguments on the basis of, and

asked this Court to follow a decision—called by Defendants a "nearly identical" case—that was not in existence at the time Plaintiffs filed their Opposition. *See, e.g.*, *Smagin v. Yegiazaryan*, No. 14-cv-09764-RGK, 2020 U.S. Dist. LEXIS 60661 at * 1 (C.D. Cal. Apr. 1, 2020) ("Leave to file a Sur-Reply should be granted to allow the submission of 'new authorities or evidence that were unavailable' at the time of a prior filing.") (quoting *Geringer v. Strong*, No. 2:15-cv-08696-CAS(GJSx), 2016 U.S. Dist. LEXIS 61944, at *1 n.1 (C.D. Cal. May 9, 2016)). Court routinely permit sur-replies where, as here, defendants have introduced new material or cited new cases in their Reply papers. *See, e.g.*, *Gladden v. P&G Distrib., LLC*, No. 1:19-CV-2938-CAP-JSA, 2021 U.S. Dist. LEXIS 118475 at * 12 (N.D. Ga. May 4, 2021) (finding "good cause" to file sur-reply where defendant had submitted new declaration with Reply memorandum); *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, No. H-18-2850, 2020 U.S. Dist. LEXIS 217596 at * 13 (N.D. Tex. Nov. 20, 2020) (granting leave to file sur-reply where defendant's reply "cites some cases that were not cited" in defendant's opening memorandum); *Watt v. Brown Cnty.*, 210 F. Supp. 3d 1078, 1082 (E.D. Wis. 2016) ("Plaintiff has met her burden for leave to file a surreply because Defendant's reply brief cited to evidence that was not even in existence at the time Defendant filed its motion").

Further, Plaintiffs respectfully suggest that *Trump v. YouTube* will unavoidably be a case of considerable interest to this Court in its ruling on Defendants' transfer motion, and that Plaintiffs therefore should be given an opportunity to respond to it, both to explain how the judge erred in that case and to explain how that case differs from this one. This is an independent "valid basis" for granting Plaintiffs leave to file a sur-reply. Because a district court's decision to grant or deny a motion to transfer is all but unreviewable, this Court's ruling on the instant motion will determine the future course of this lawsuit, and a sur-reply is Plaintiffs' only opportunity to distinguish and

respond to the faulty, just-announced decision in an important case that Defendants cite as precedent.

For the foregoing reasons, Plaintiffs respectfully request permission to file a Sur-Reply of no more than ten (10) pages within seven (7) days of the issuance of the Court's order granting this motion.

Respectfully submitted,

/s/ Matthew L. Baldwin
Fla. Bar. No.: 27463
Matthew@VargasGonzalez.com
Vargas Gonzalez Hevia Baldwin LLP
815 Ponce De Leon Blvd., Third Floor
Coral Gables, FL 33134
Telephone: 305.631.2528

Carlos Trujillo, Esq.
Florida Bar No. 42697
Vargas Gonzalez Hevia Baldwin LLP
815 Ponce De Leon Blvd., Third Floor
Coral Gables, FL 33134
Telephone: 305.631.2528
Email: Ctrujillo@VargasGonzalez.com
E-service: Service8@VargasGonzalez.com
*Of Counsel*

JOHN P. COALE *(Pro Hac Vice)*
2901 Fessenden St. NW
Washington, D.C. 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY (*Pro Hac Vice*)
E-mail: jqkelly@ibolaw.com
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Facsimile: (203) 661-9461
MICHAEL J. JONES *(Pro Hac Vice)*

E-mail: mjones@ibolaw.com
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
RYAN S. TOUGIAS *(Pro Hac Vice)*
E-mail: rtougias@ibolaw.com
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Facsimile: (203) 661-9461

RICHARD P. LAWSON, ESQ.
Florida Bar No. 165085
Gardner Brewer Martinez-Monfort P.A.
400 North Ashley Drive, Ste. 1100
Tampa, Florida 33602
(813) 221-9600 Telephone
(813) 221-9611 Fax
Primary Email: rlawson@gbmmlaw.com
Secondary Email: litigation@gbmmlaw.com

LUIS MARTINEZ-MONFORT, ESQ.
Florida Bar No. 0132713
Gardner Brewer Martinez-Monfort P.A.
400 North Ashley Drive, Ste. 1100
Tampa, Florida 33602
(813) 221-9600 Telephone
(813) 221-9611 Fax
Primary Email: lmmonfort@gbmmlaw.com
Secondary Email: litigation@gbmmlaw.com

## LOCAL RULE 7.1(a)(3) CERTIFICATION

I hereby certify that Plaintiffs' counsel has conferred with Defendants' counsel in a good faith effort to obtain Defendants' consent to Plaintiffs filing a sur-reply, but they have been unable to do so. Defendants' counsel does not consent Plaintiff's request for leave to file a sur-reply as requested.

By: <u>Matthew L. Baldwin</u>
Fla. Bar. No.: 27463

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and electronically provided to all Counsel of Record registered for service of same.

By: <u>*/s/ Matthew Lee Baldwin*</u>
Fla. Bar No.: 27463